# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MA ELENA VARGAS GUERRA,<br>    Plaintiff,<br>v.<br>KEVIN MCALEENAN, et al.,<br>    Defendants. | Case No.: 2:19-cv-00655-JAD-NJK<br>**REPORT & RECOMMENDATION**<br>(Docket No. 4) |

Pending before the Court is Defendants' motion to dismiss. Docket No. 4. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 4, 5, 6. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the undersigned **RECOMMENDS** that Defendants' motion be **DENIED**.

**I.    BACKGROUND[1]**

Plaintiff is a native and citizen of Mexico who was admitted to the United States on a B-2 nonimmigrant visa. Docket No. 4 at 2. Plaintiff overstayed her visa. *Id.* On June 15, 2008, Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status pursuant to 8 U.S.C. § 1255(a). Docket No. 1-5 at 2. In February 2009, Plaintiff's application was granted, making her a permanent resident. Docket No. 4 at 3.

In April 2017, Plaintiff submitted an N-400 application to be naturalized. Docket No. 1-5 at 9. On January 30, 2018, Plaintiff appeared for an interview with United States Citizenship and Immigration Service ("USCIS") to determine whether she was eligible for naturalization. Docket No. 4 at 3. During that interview, USCIS determined that Plaintiff's Form I-485 application was improperly granted pursuant to Section 1255(a), as Plaintiff was ineligible to adjust status pursuant to that section. Rather, Plaintiff was eligible to adjust status only pursuant to Section 1255(i),

---

[1] These facts are undisputed. *See* Docket Nos. 5 at 6, 6 at 1.

which requires submission of Form I-485 Supplement A and payment of a $1,000 fee. *Id.* Plaintiff conceded that she had not submitted the proper form or paid the fee. *Id.*

Plaintiff later submitted the form and paid the fee, asking USCIS to accept them *nunc pro tunc*. *Id*. However, USCIS concluded that, because Plaintiff was ineligible pursuant to Section 1255(a) and had not complied with Section 1255(i)'s requirements upon her application, she could not show, as required, that she was lawfully admitted for permanent residence, and thus denied her application to be naturalized. *Id.*

In March 2018, Plaintiff appealed the denial, arguing that (1) USCIS should have accepted her untimely submission of Form I-485 Supplement A and payment of the $1,000 fee and made a *nunc pro tunc* finding that she was lawfully admitted for permanent residence; and (2) USCIS had a duty to inform her of the requirements to adjust status pursuant to Section 1255(i) before the adjudication of her Form I-485. *Id.* at 3–4. USCIS affirmed its denial, concluding that it had no authority to make the *nunc pro tunc* finding and that Plaintiff's failure to satisfy Section 1255(i) left her unable to meet the prerequisite of lawful permanent residence for naturalization. *Id.* at 4.

**II.    JURISDICTION AND STANDARDS**

The Court has jurisdiction to review *de novo* a denied application for naturalization. 8 U.S.C. § 1421(c) ("A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer . . . may seek review of such denial before the United States district court for the district in which such person resides . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.").

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018). To avoid dismissal, the complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Instead, the complaint must establish that there is facial plausibility to the claim. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.     ANALYSIS

Plaintiff's sole claim in her complaint is that—because, she submits, USCIS had a duty to inform her to submit Form I-485 Supplement A and pay the $1,000 fee in 2009 and instead mistakenly granted her Form I-485 pursuant to Section 1255(a)—the Court should grant her application to be naturalized "due to the interests of justice." Docket No. 1 at 3–4, 7.

Defendants submit that Plaintiff's claim fails because she is ineligible for naturalization. Docket No. 4 at 7. Specifically, Defendants submit that Plaintiff's failure to timely submit Form I-485 Supplement A and pay the $1,000 fee makes her statutorily ineligible to naturalize because she was not "lawfully admitted" to the United States for permanent residence in accordance with all applicable provisions of relevant law. *Id.*

Defendants rely mostly on *Segura v. Holder*, 605 F.3d 1063 (9th Cir. 2010).[2] There, an alien petitioner was given lawful-permanent-residence (LPR) status despite having a disqualifying criminal conviction. *Id.* at 1064. The petitioner contested his removability pursuant to a statute that granted relief to aliens with LPR status. *Id.* at 1066. The court held that, though he had "been admitted for permanent residence, he ha[d] not been *lawfully* admitted" if he was unable to obtain "permanent residence status due to an inability to meet the prerequisites." *Id.* (emphasis in original and citation omitted). Thus, because the petitioner had "pleaded guilty to a felony [before] completing his application for an adjustment of status[, he could not fulfill] the conditions necessary [to obtain LPR status at the time he applied]." *Id.* at 1066–67. Therefore, "he was not lawfully admitted for permanent residence, and thus was ineligible for [] relief." *Id.* at 1067.

---

[2] District courts in the Ninth Circuit have applied *Segura*'s reasoning in naturalization cases. *Aliping v. Campagnolo*, 2018 WL 6421690, at *3 (C.D. Cal. Oct. 17, 2018); *Ayala v. United States Citizenship and Immigration Services*, 2017 WL 3023572, at *5 (E.D. Cal. July 17, 2017); *Bertos v. Napolitano*, 2013 WL 1435480, at *5 (N.D. Cal. Apr. 9, 2013); *Zuniga v. Holder*, 2012 WL 4215859 at *4 (N.D. Cal. Sept. 14, 2012).

Plaintiff submits that the Court should instead rely on *Dzandu v. Gonzales*, 126 F. App'x 354 (9th Cir. 2005) (unpublished). There, the court held that an applicant who had not paid the $1,000 fee with her application to adjust status, and received no regulatorily required notice or opportunity to cure that deficiency, but was still granted LPR status could not have that status rescinded without a hearing. *Id.* at 358. However, *Dzandu* was decided before "the *Segura* line of cases, which clarify[ies] that substantive compliance with LPR requirements from the outset is dispositive for 8 U.S.C. § 1429's 'lawfully admitted' requirement[.]" *Aliping*, 2018 WL 6421690, at *3.

Nonetheless, the Court finds that the *Segura* line of cases is inapt. In those cases, "the government granted LPR status to an applicant despite the applicant's substantive ineligibility due to either a conviction (*Segura*), misrepresentation of marital status (*Zuniga*), misrepresentation on an underlying asylum petition (*Bertos*), or revocation of a sponsoring parent's petition for LPR (*Ayala*)." In other words, the "moment the paperwork landed on the USCIS desk, [those applicants were] 'precluded from obtaining [LPR] status due to an inability to meet the prerequisites.'" *Id.* (citing *Segura*, 605 F.3d at 1066 & *Bertos*, 2013 WL 1435480, at *6 (noting that "no action by [the plaintiff] herself could have remedied the defect in the original [] application")).

Plaintiff, on the other hand, alleges that she *was* substantively eligible for naturalization under Section 2255(i). *See* Docket No. 4 at 4. In fact, Defendants do not submit that they found any issue with her eligibility other than her procedural failure to submit Form I-485 Supplement A and pay the $1,000 fee. Thus, Defendants ask "the Court to flip *Segura* on its head and use the *procedural* irregularities of a past proceeding to find substantive deficiencies in the application at issue. [That] argument [fails] because *Segura* rejects the notion that inquiry into procedural regularity during the LPR process factors into substantive eligibility for a subsequent status." *Aliping*, 2018 WL 6421690, at *4 (emphasis in original); *see also Segura*, 605 F.3d at 1066–67.

Defendants' submission that the failure to submit a form and pay a fee is a violation of *substantive* statutory requirements is unavailing. Defendants' submission depends on the phrase "only if" in Section 1255(i): "Congress explicitly provided that an application be filed and that '[t]he Attorney General may accept such application *only if* the alien remits with such application

4

a sum equaling $1,000 as of the date of the receipt of the application[.]' (emphasis added)." Docket No. 4 at 7. However, that "language does not convert a mere procedural misstep in one proceeding into substantive noncompliance in [another]. The 'only if' language connotes that this procedure is not discretionary in the normal course, but there is nothing in the statute to suggest that noncompliance should trigger substantive consequences under a separate legal standard." *Aliping*, 2018 WL 6421690, at *5. Thus, the undersigned finds that Plaintiff's failure to timely submit Form I-485 Supplement A and pay the $1,000 fee does not render her incapable of meeting the substantive prerequisites for naturalization as a matter of law. Accordingly, Plaintiff has not failed to state a claim upon which relief can be granted.[3]

## IV. CONCLUSION

For the reasons stated below, the undersigned **RECOMMENDS** that Defendants' motion to dismiss, Docket No. 4, be **DENIED**.

Dated: January 10, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] The undersigned finds that Plaintiff's submission that USCIS had a "duty" to inform her pursuant to 8 C.F.R. § 245.10(d) is unnecessary to survive Defendants' motion to dismiss. Thus, the Court need not decide the merits of that issue.